IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSEMARY HOLCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil Action No. 19-1404 |
| | ) |
| ANDREW M. SAUL, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

**OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 8) and denying Defendant's Motion for Summary Judgment. (ECF No. 10).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Leslie Perry-Dowdell, held a hearing on August 1, 2017, during which Plaintiff and Charles Cohen, Ph.D., a vocational expert testified. (ECF No. 6-8, pp. 14-45). The ALJ referred Plaintiff for a consultative mental health examination with Stacy Golman, Psy.D. *Id.* Plaintiff attended the examination and Dr. Golman completed a medical source statement opining on various functional limitations. (ECF No. 6-31, pp. 11-21). Plaintiff's Counsel sought a second hearing to cross-examine Dr. Golman. The ALJ held a second hearing on October 15, 2018, but Dr. Golman was unable to attend. (ECF No. 6-6, pp. 29-32). As a result, the ALJ stated as follows:

> [T]his case has been pending for a while. Mr. Sinko is present now and in fairness to the [Plaintiff] and in fairness to you [Mr. Sinko], we will not – we will submit the record – the consultative examination into the record, but we will not consider that in our Decision. And that was the consultative examination that's found in Exhibit 17F.

(ECF No. 6-6, p. 31). Plaintiff's counsel responded: "That's what I was just checking on that, Judge. Thank you." *Id.* On October 23, 2018, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 6-6, pp. 9-22).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10). The issues are now ripe for review.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B.     Duty to Develop - Consultative Examination

I consider Plaintiff's second main argument first, as I believe it is a threshold issue. Plaintiff maintains that the ALJ failed to fully develop the record.  (ECF No. 9, pp. 13-16).  After the first hearing in this case, the ALJ referred Plaintiff to be examined by a mental health specialist, Dr. Golman.  Plaintiff attended the examination on September 8, 2017.  Thereafter, Dr. Golman prepared a report and completed a mental health examination.  In October 2017,

3

Plaintiff's counsel requested a supplementary hearing "for the purpose of cross-examining Dr. Golman regarding some illegible handwritten comments and her opinions." (ECF No. 9, p. 13). The hearing was held a year later on October 15, 2018. Dr. Golman was not able to appear for the hearing. The pertinent part of the exchange at the hearing is as follows:

> ALJ:   Good morning.  This is to be the supplemental hearing in the case of Rosemary Holcomb.  After submitting -- after the Claimant underwent a consultative examination and sending the representative a proffer of the consultative examination, the representative, Mr. Sinko requested a supplemental hearing, in order to examine the medical source examiner, which was Dr. Gallmam (sic). We've attempted to try to get Dr. Gallmam (sic) to hold a supplemental hearing and we don't know when that will be able to take place….In light of not being able to get the consultative examiner present by telephone – and this case has been pending for a while.  Mr. Sinko is present now and in fairness to the Claimant and in fairness to you, we will not – we will submit the record – the consultative examination into the record, but we will not consider that in our Decision.  And that was the consultative examination that's found in Exhibit 17F.
>
> Atty:  That's what I was just checking on that, Judge.  Thank you.
>
> ALJ:   Okay.  All right.  That concludes the hearing for today.  Or at least the conversation for today.
>
> Atty:   Okay.

(ECF No. 6-6, pp. 31-32). The ALJ issued her 8 days later, including Exhibit 17F as part of the record, but specifically noting that she did not consider the same in the decision. (ECF No. 6-6, p. 9).

Plaintiff's counsel argues that he was entitled to cross-examine Dr. Golman and that he thought he would have another opportunity to do so given the ALJ's statement at the hearing that the conversation, not the hearing, was concluded for the day. (ECF No. 9, pp. 13-16). To that end, Plaintiff asserts that the ALJ erred in failing to allow for the same. (ECF No. 9, pp. 13-16).   In response, Defendant asserts that Plaintiff's counsel cannot now complain about something he agreed to at the hearing by saying "Thank you." (ECF No. 11, pp. 15-16). After a review, I find the record is ambiguous.  While the ALJ clearly stated that she was going to submit the consultative examination into the record without considering it, she also indicated

4

that the conversation was concluded for the day, which implies that there maybe something more in the future (*e.g.* order another hearing when Dr. Golman was available or order another examination with a different doctor).

Further, as Plaintiff points out, the ALJ fails to explain in her decision why she felt it was necessary to order the examination but then not consider it.  Plaintiff argues that it was error to decide the case without the opinion of Dr. Golman, as it was "the very consultative examination which the Judge determined to be absolutely necessary following the first hearing."  (ECF No. 9, p. 14).  Plaintiff continues that the ALJ "provided no explanation as to what circumstances might have changed so as to allow her to interpret and understand the evidence now without the benefit of a consultative examination when she could not do so following the first hearing." *Id.*  I also note that the state agency opinion, which the ALJ gave partial weight, indicates that a consultative examination is required.  (ECF No. 6-9, p. 8).  These facts are extremely troublesome.

An ALJ has the duty to develop the record sufficiently to make a determination of disability.  *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. §§404.1512(d), 416.912(d).  The decision to order a consultative examination is within the sound discretion of the ALJ. *Thompson v. Halter*, 45 Fed.Appx. 146, 149 (3d Cir. 2002); 20 C.F.R. §§ 404.1517, 416.917.  An "ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision."  *Id.*  Other circumstances necessitating a consultative examination include situations where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the record.  See, 20 C.F.R. §§404.1519(a), 416.919(a). Based on the same, I find the act of ordering a consultative examination but not considering it without explanation as to how a decision can be rendered

without one prohibits me from conducting a meaningful review.  Consequently, I find remand is warranted. [1]

An appropriate order shall follow.

---

[1] Plaintiff raises additional issues related to the ALJ's residual functional capacity (RFC) determination and her migraine headaches.  (ECF No. 9, pp. 9-12).   Since I am remanding as set forth above, these issues will be reevaluated, *de novo*, as well.  Therefore, I need not consider the details of the argument at this time.  Nonetheless, I note, for clarity, that the standard of review of such issues is whether substantial evidence supports the ALJ's findings.  *Allen v. Bowen*, 881 F.2d 37, 39 (3d Cir. 1989).  Additionally, I point out that just because an impairment is found to be severe does not mean necessarily that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC.").

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSEMARY HOLCOMB, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )  Civil Action No.  19-1404 |
| ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 1st day of February, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 8) is granted and Defendant's Motion for Summary Judgment (ECF No. 10) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/  Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge